**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Darryl Keith Jackson                                            Case No. 26-00598-KMS
         Robin Regina Diffrient, Debtors                                          CHAPTER 13

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtors have filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse 501 E. Court Street Suite 2.300 Jackson, MS 39201 on or before April 23, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtors, and Attorney for Debtors.

Objections to confirmation will be heard and confirmation determined on May 21, 2026 at 10:00 AM in the United States Courthouse, 109 South Pearl Street, Courtroom 1, Natchez, MS 39120, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: March 5, 2026                                        /s/ Thomas C. Rollins, Jr.
                                                           *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

MSSB-113 (12/17)

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Darryl Keith Jackson** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 | **Robin Regina Diffrient** | |
| (Spouse, if filing) | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | SOUTHERN DISTRICT OF MISSISSIPPI | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: | | |
| (If known) | | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance       12/17

| Part 1: | Notices |
|---|---|

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1      Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$1,028.00**__ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☑ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **AITX Railcar Services LLC**
> **100 Clark St**
> **Saint Charles MO 63301-0000**

Software Copyright (c) 1996-2026   Best Case, LLC - www.bestcase.com

| Debtor | **Darryl Keith Jackson** | Case number | |
| --- | --- | --- | --- |
| | **Robin Regina Diffrient** | | |

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
  ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:    Treatment of Secured Claims**

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**    Mtg pmts to  **BankPlus**
Beginning  **4/2026**       @       **$506.70**  ☑ Plan   ☐ Direct.   Includes escrow ☑ Yes ☐ No

**1**    Mtg arrears to  **BankPlus**          Through   **3/2026**                          **$1,600.00**

**3.1(b)** ☑ **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property  **1** address:  **608 Newman Trail Brookhaven, MS 39601**
                          **Lincoln County**
Mtg pmts to  **Newrez**
Beginning  **4/2026**       @       $476.38  ☑ Plan   ☐ Direct.   Includes escrow ☐ Yes ☐ No

Property **1**   Mtg arrears to  **Newrez**   Through  **3/2026**                           **$982.35**

**3.1(c)** ☐ **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:  **-NONE-**          Approx. amt. due:                  Int. Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

| Debtor | **Darryl Keith Jackson** | Case number | |
| | **Robin Regina Diffrient** | | |

Special claim for taxes/insurance: $      **-NONE-**    /month, beginning    month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**    **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

     ☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
             **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

     ☑    Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

             The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Tillman Furniture | $3,504.00 | PMSI Funiture | $500.00 | $500.00 | 8.50% |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Tillman Furniture | $4,600.00 | PMSI Funiture | $1,500.00 | $1,500.00 | 8.50% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is             

**3.3**    **Secured claims excluded from 11 U.S.C. § 506.**

     *Check one.*

     ☐    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
     ☑    The claims listed below were either:

             (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

             (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

             These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the

| Debtor | **Darryl Keith Jackson** | Case number |
| | **Robin Regina Diffrient** | |

claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Exeter Finance LLC | 2022 Chevrolet Silverado 125618 miles | $31,223.00 | 8.50% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

### 3.4 Motion to avoid lien pursuant to 11 U.S.C. § 522.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Wfc | Household Goods |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees.

☑ No look fee: __4,600.00__

| Total attorney fee charged: | $**4,600.00** |
| Attorney fee previously paid: | $**227.00** |
| Attorney fee to be paid in plan per confirmation order: | $**4,373.00** |

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations.

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Debtor | Darryl Keith Jackson | Case number | |
|---|---|---|---|
| | Robin Regina Diffrient | | |

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $
☑ **100.00** % of the total amount of these claims, an estimated payment of $ **14,696.25**
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**155,962.40**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims (special claimants).** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of Creditor | Basis for separate classification and treatment | Approximate amount owed | Proposed treatment |
|---|---|---|---|
| Cornerstone | Student Loans - long term debt. | $72,817.00 | Debtor to pay direct pursuant to contract in place with student loan provider. |

*Insert additional claims as needed.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signatures:

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| X **/s/ Darryl Keith Jackson** | X **/s/ Robin Regina Diffrient** |
|---|---|
| **Darryl Keith Jackson** | **Robin Regina Diffrient** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on **March 3, 2026** | Executed on **March 3, 2026** |
| **968 Macedonia Rd NW** | **968 Macedonia Rd NW** |
| Address | Address |
| **Brookhaven MS 39601-0000** | **Brookhaven MS 39601-0000** |

| | | | |
|---|---|---|---|
| Debtor | **Darryl Keith Jackson** | Case number | |
| | **Robin Regina Diffrient** | | |

City, State, and Zip Code                                   City, State, and Zip Code

Telephone Number                                             Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**                           Date   **March  3, 2026**
    **Thomas C. Rollins, Jr. 103469**
    Signature of Attorney for Debtor(s)
    **P.O. Box 13767**
    **Jackson, MS 39236**
    Address, City, State, and Zip Code
    **601-500-5533**                                                **103469 MS**
    Telephone Number                                                MS Bar Number
    **trollins@therollinsfirm.com**
    Email Address

Mississippi Chapter 13 Plan                                                              Page 6

## **CERTIFICATE OF SERVICE**

      I, Thomas C. Rollins, Jr., attorney for the Debtors, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

      Case Trustee
      Office of the US Trustee

      I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

      Tillman Furniture Company, Inc.
      c/o Olen C. Bryant, Jr.
      PO Box 899
      Hazlehurst, MS 39083

      I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: March 5, 2026                /s/ Thomas C. Rollins, Jr.
                                         *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>DARRYL KEITH JACKSON<br>ROBIN REGINA DIFFRIEN | CASE NO: 26-00598-KMS<br><br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br><br>Chapter: 13 |

On 3/5/2026, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/5/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| IN RE: | CASE NO: 26-00598-KMS |
|---|---|
| DARRYL KEITH JACKSON<br>ROBIN REGINA DIFFRIEN | **CERTIFICATE OF SERVICE**<br>**DECLARATION OF MAILING**<br>Chapter: 13 |

On 3/5/2026, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/5/2026

*Victoria Blake*
_____
Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

| FIRST CLASS | CASE INFO | ~~EXCLUDE~~ |
|---|---|---|
| TILLMAN FURNITURE COMPANY INC<br>CO OLEN C BRYANT JR<br>PO BOX 899<br>HAZLEHURST MS 39083 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 26-00598-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>THU MAR 5 7-44-33 PST 2026 | ~~US BANKRUPTCY COURT<br>THAD COCHRAN US COURTHOUSE<br>501 E COURT STREET<br>SUITE 2300<br>JACKSON  MS 39201-5036~~ |
| AFFIRM  INC<br>ATTN BANKRUPTCY<br>650 CALIFORNIA ST<br>FL 12<br>SAN FRANCISCO  CA 94108-2716 | BHK FINANCIAL<br>1921 S ALMA SCHOOL RD<br>MESA  AZ 85210-3036 | BANKPLUS<br>ATTN BANKRUPTCY<br>385A HIGHLAND<br>COLONY PRKWY<br>RIDGELAND  MS 39157-6040 |
| CONCORA CREDIT<br>GENESIS FS CARD SERV<br>PO BOX 4477<br>BEAVERTON  OR 97076-4401 | CORNERSTONE<br>ATTN BANKRUPTCY<br>633 SPIRIT DRIVE<br>CHESTERFIELD  MO 63005-1243 | CREDIT ONE BANK<br>ATTN BANKRUPTCY DEPT<br>6801 CIMARRON RD<br>LAS VEGAS  NV 89113-2273 |
| (P)EXETER FINANCE  LLC<br>NANNETTE ALAMILLA<br>2101 W JOHN CARPENTER FWY<br>IRVING TX 75063-3228 | NEWREZ<br>ATTN BANKRUPTCY<br>POBOX 10826<br>GREENVILLE  SC 29603-0826 | TILLMAN FURNITURE<br>565 HWY 51 NE<br>BROOKHAVEN  MS 39601-2385 |
| ~~EXCLUDE~~ | | DEBTOR |
| ~~UNITED STATES TRUSTEE<br>501 EAST COURT STREET<br>SUITE 6-430<br>JACKSON  MS 39201-5022~~ | WFC<br>ATTN BANKRUPTCY DEPT<br>POBOX 6429<br>GREENVILLE  SC 29606-6429 | DARRYL KEITH JACKSON<br>968 MACEDONIA RD NW<br>BROOKHAVEN  MS 39601-8662 |
| ~~EXCLUDE~~ | | ~~EXCLUDE~~ |
| ~~(P)DAVID RAWLINGS<br>ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE<br>PO BOX 566<br>HATTIESBURG MS 39403-0566~~ | ROBIN REGINA DIFFRIENT<br>968 MACEDONIA RD NW<br>BROOKHAVEN  MS 39601-8662 | ~~THOMAS CARL ROLLINS JR<br>THE ROLLINS LAW FIRM  PLLC<br>PO BOX 13767<br>JACKSON  MS 39236-3767~~ |